# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:13-cr-72-001 |
| v. ) | |
| ) | Judge Collier/Steger |
| ROLAND REYNOLDS ) | |

## MEMORANDUM AND ORDER

ROLAND REYNOLDS ("Defendant") came before the Court for an initial appearance on January 10, 2018, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Attorney Jackson Whetsel with Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Chris Poole explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested a detention hearing.

The Court conducted the detention hearing on January 10, 2018. Defendant was represented by Jackson Whetsel at this hearing, and the Government was represented by Chris Poole. The Government relied upon the testimony of United States Probation Officer Shaquana Kennedy, as well as the sworn Petition executed by Supervising United States Probation Officer C. Dan Thornton, Jr., which includes a recitation of the violations of conditions of supervision committed by Defendant (*i.e.*, Defendant shall not commit another federal, state or local crime; Defendant shall not illegally possess or use a controlled substance; Defendant shall answer truthfully all inquiries and follow the instructions of the probation officer; Defendant shall work

at a lawful occupation; Defendant shall refrain from excessive use of alcohol and shall not possess or use any controlled substance unless prescribed by a physician; Defendant shall not frequent places where controlled substances are illegally sold, used or distributed; Defendant shall not associate with persons engaged in criminal activities or those convicted of a felony). Defendant's counsel, Jackson Whetsel, proffered evidence on behalf of Defendant. Counsel for both sides were given an opportunity to argue for and against detention.

The undersigned finds that Defendant tested presumptively positive for use of marijuana, methamphetamine, benzodiazepine and oxycodone. Further, the evidence suggests that he diluted the specimens when he submitted to drug screens required by the Probation Officer. Defendant also failed to maintain employment during his period of supervision.

The Court finds that the evidence establishes probable cause to believe that Defendant has committed violations of his conditions of supervised release, and that he has failed to demonstrate by clear and convincing evidence that he is not a flight risk and that he does not pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier is **DENIED**.

2. Defendant shall remain in custody pending the revocation hearing before Judge Collier at the aforementioned date and time, or until further Order of this Court.

3. The U.S. Marshal's Service shall make arrangements to transport Defendant to the revocation hearing before United States District Judge Collier on **March 7, 2018, at 2:00 p.m.**

**ENTER.**

/s/ *Christopher H. Steger*
United States Magistrate Judge